IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action Number 00-cv-01725-RPM

TANIS ALDRIDGE,

                    Plaintiff,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

                    Defendant.
_____

MEMORANDUM OPINION AND ORDER
_____

After two hearings before an Administrative Law Judge (ALJ) the Appeals

Council remanded the claim for disability and disability benefits of Tanis Aldridge for

another hearing before a different ALJ.  In that order, the Appeals Council found that

the ALJ had failed to provide specific and legitimate reasons for rejecting a treating

source opinion from Dr. David Stable (Stabel) as to the claimant needing to change

positions when seated and failed to give convincing reasons for not accepting that part

of a treating source opinion that requires the claimant to lie down at unpredictable

times and to be incapacitated from work for three days a month.  (Dr. Janssen Exhibit

18F) Additionally, the Appeals Council found that the ALJ's statement that the claimant

required no potent narcotic pain medication was contradicted by the fact that the

claimant was using Darvocet, a narcotic derivative.  The specific direction in the order

was assignment to a different ALJ with the following instructions:

After review of the Judge's decision in light of the entire record, the Appeals Council concludes that further evaluation of the record and clarification of the claimant's residual functional capacity, treating source opinions and the credibility of the claimant's statements as to her subjective complaints of pain and limitations is needed.

On remand, the Judge should also obtain testimony from a medical expert to assist in discerning any inconsistencies within treating source reports and in further evaluating the significance of the objective clinical, radiological and laboratory findings. (R. 483)

A third hearing was held before a different ALJ on January 28, 2004, resulting in a third denial decision on March 21, 2004. The ALJ's decision became final and it is now here for judicial review under 42 U.S.C. § 405(g).

The claimant was represented by counsel at the ALJ hearing and the ALJ heard testimony by telephone from Dr. Gayle Humm, a general surgeon with extensive experience in the United States Army, both in service and as a contract physician, and she has been consulted as a medical expert for the Social Security Administration since 1997.

The ALJ denied disability at Step 5 of the sequential evaluation process, finding that Ms. Aldridge had the residual functional capacity to perform the work of "cashiering at light level" and assembling plastic hospital products as that work is described in the Dictionary of Occupational Titles. Louis Phillips, the Vocational Expert ("VE"), testified that the claimant could not perform those jobs if she was required to miss three days or more of work each month and also that and all other employment would be unavailable to her if she had to lie down three hours each day or could not sit, stand or walk for more than two hours or had to go to the restroom frequently. The VE agreed that all employment would be eliminated if there were unpredictable periods of a need for lying

down.

Accordingly, the focus of this Court's review of the administrative record has been the reasons for the ALJ's rejection of the claimant's testimony concerning these limitations.

The ALJ observed that the claimant's testimony was consistent with that given at the May, 1999, hearing.  The ALJ made the following determination of severe impairments:

> A review of the evidence shows that the claimant has severe impairments, consisting of obesity, chronic back pain with pars defect, gastroesphogeal reflux disease (GERD), spastic colon, myofascial pain disorder, dysthymia, borderline intellectual functioning, and dependent personality disorder.  (R. 268-9)

Taken as true, the claimant's testimony relating chronic pain and acute pain with movement, urinary incontinence, diarrhea, fatigue and depression support the limitations which the VE opined as being inconsistent with an ability to perform any work with sustained employment.  The ALJ found, however, that Ms. Aldridge's testimony "is not considered fully persuasive" (R. 270) and the ALJ pointed to inconsistencies with some of her complaints recorded in the medical records "that diminish the persuasiveness of her subjective complaint." (R. 271)

Both the ALJ and Dr. Humm pointed to inconsistencies in the claimant's testimony and statements to her treating doctors, relying on Exhibit 26F, P. 10, which is a questionnaire form with "yes" or "no" markings for habits.  That form shows "yes" markings for "average 8 hours sleep (per night)" and "have regular bowel movements." The same form, however, shows "no" responses to "awaken rested" and "sleep well." The ALJ made no mention of the ambiguity in these apparently conflicting responses

and it is not clear how the form was completed.

The ALJ also relied on an inconsistency between the claimant's statement that she had gained 100 pounds in weight since 1997, with her current weight at 260 pounds, and a report of a weight of 200 pounds in 1996 in the medical records. Additionally, both the ALJ and medical expert discounted the claimant's testimony regarding side effects from her medications because they did not find such reports made to her treating physicians in the medical records and Dr. Humm expected that alternative medications would have been prescribed.  That speculation is not an adequate basis to disbelieve the claimant's testimony with respect to her difficulty in responding to the many prescribed drugs.

More significantly, the ALJ relied heavily on Dr. Humm's opinion that the objective medical findings and diagnostic tests in the record were insufficient to demonstrate an objective basis for the claimant's testimony concerning her limitations based on pain.  The ALJ accepted that opinion and rejected the opinions of the claimant's treating physicians, particularly her primary care physician, Dr. Lief Adams. Dr. Adams had made referrals to orthopedic specialists, Dr. Janssen and Dr. Stabel. Ms. Aldridge had received a cortisone injection and other treatments in unsuccessful attempts to resolve her back pain.

The ALJ and Dr. Humm criticized the opinions of the treating physicians on the ground that they were based primarily on subjective complaints.  No mention was made of the fact that Dr. Janssen in his Chronic Pain Residual Capacity Questionnaire (R. 524-530) responded "no" to the question "Is your patient a malingerer" and answered

4

"no" to the question whether emotional factors contributed to the severity of the symptoms and specifically said that he estimated that his patient would likely be absent from work more than three times a month.  The ALJ failed to explain why he gave greater weight to the opinion of a general surgeon than that of a treating orthopedic specialist.

The medical records are consistent with the repeated comments that Ms. Aldridge has been obese and "deconditioned" for years.  Dr. Humm expressed the opinion that she found no underlying cause for deconditioning.  There is in the ALJ's decision the strong suggestion that Ms. Aldridge could overcome her pain and other subjective complaints but there is no specific treatment identified by any of the treating physicians which the claimant has rejected.  It may be suggested that some form of exercise would assist Ms. Aldridge but it is difficult to understand what exercises she can do with the pain levels she says she experiences.

The ALJ has failed to meet the burden of the Commissioner at Step 5.  He did not adequately explain his rejection of the opinions of treating physicians as required by *Robinson v. Barnhart,* 366 F.3rd 1078 (10th Cir. 2004) and failed to explain adequately his rejection of the claimant's testimony concerning the limitations resulting from her chronic and acute pain in the manner required by *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987) and succeeding cases.  Finally, the ALJ's decision is inconsistent with and not supported by the opinions of the Vocational Expert.

Ms. Aldridge's claim has been pending for more than seven years.  It is time for this matter to reach final resolution.  Accordingly, it is

5

ORDERED that the denial decision is reversed and the Commissioner shall

proceed with a prompt determination and payment of benefits.

DATED: October 13th, 2005

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge