IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action Number 00-cv-01725-RPM

TANIS ALDRIDGE,

        Plaintiff,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

_____

ORDER FOR AWARD OF ATTORNEY'S FEES AND COSTS
_____

On October 13, 2005, this Court ruled in a Memorandum Opinion and Order that after seven years the claim of Tanis Aldridge for disability and disability benefits should be allowed, contrary to the denial decision of the Commissioner, based on an ALJ decision that was fundamentally flawed. Judgment was entered accordingly. On November 10, 2005, the plaintiff filed her petition for fees and costs under 28 U.S.C. § 2412, to which the defendant filed objections on November 29, 2005, and the plaintiff replied on December 12, 2005.

The defendant contends that the Commissioner's position was substantially justified and that, accordingly, no fees should be awarded. Essentially, the defendant seeks to re-argue the merits of the case upon which this Court has ruled. The third ALJ decision which was the subject of judicial review was not substantially justified for the reasons stated by this Court in the Memorandum Opinion and Order. Even so, all of

the prior denials were reversed by the Appeals Council, itself.  It is difficult to understand the basis upon which the Commissioner can now argue that her own reversals of prior denials could make those denials be considered by this Court to have been substantially justified.

The defendant also challenges the reasonableness of the fees requested.  The affidavit of plaintiff's counsel sets forth in detail the services provided and time required over the years since he began representing Ms. Aldridge in 2000.  In this Court's view, the time expended is reasonable.  The rates charged by plaintiff's counsel have changed during the period but in this Court's view, his current rate of $150.00 should be applied because he has steadfastly supported this claimant throughout all of the frustrations of an administrative process which appeared to have been indifferent to the plaintiff's pain and suffering.  For convenience, the amount of the services to be compensated will be rounded off at 150 hours with an hourly rate of $150.00 for an award of $22,500.00.  The expenses to be allowed are $156.97.  Accordingly, it is

ORDERED that the plaintiff shall have and recover an award of attorney's fees in the amount of $22,500.00 and expenses of $156.97.

DATED: January 13th, 2006

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge